CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 2 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY COLEMAN, | CASE NO. 7:12CV00156 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| SUP. CHARLES I. POFF, JR., ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Larry Coleman, an inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant jail officials violated his constitutional rights by forcing him to climb into a dangerous upper bunk bed and by denying him appropriate medical treatment for injuries he suffered when he fell from that bunk. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Coleman alleges the following sequence of events related to his claims. In March 2010, Coleman was incarcerated at the Western Virginia Regional Jail ("the jail") in Salem, Virginia.[1] Despite the fact that Coleman weighed 260 pounds, jail officials assigned Coleman to a top bunk bed. Coleman told Officers Thomas and John Doe that he was afraid he would hurt himself trying to climb into such a high bunk and that he had been cleared at another prison for a bottom bunk. Without checking Coleman's medical records, the officer told him that he would either climb into the top bunk or he would face a disciplinary charge. Coleman did as he was told. He filed grievances about being forced to use a top bunk despite the danger. On April 11, 2010, Coleman attempted to climb up to the bunk, fell, and injured his back. Jail officials transported him to an outside public hospital for evaluation and treatment.

---

[1] Coleman is currently incarcerated in New Jersey.

Coleman alleges that after he suffered injury to his back, in April and May 2010, Thomas and Doe "conspired" with "Physician Assistant Miss Stevens" to interfere with Coleman's prescribed medication by telling Stevens that Coleman was refusing the medication, when in fact, Coleman was unable to walk to the medical unit to obtain the medication. Coleman asserts that the jail superintendent should be liable for the misconduct of all these jail officers, because it is the superintendent's duty to ensure safety and medical care for jail inmates and he should have known that the bunk beds were unsafe.

On September 3, 2010, officials transported Coleman from the jail to New Jersey for proceedings on a detainer from that jurisdiction. Coleman asserts that John and Jane Doe, supervisory medical staff for Conmed, a company contracting with the jail to provide inmates' medical treatment, "fraudulently" gave medical clearance for Coleman to be transported to New Jersey. During the trip, Coleman lost feeling in his legs, and after he arrived at his destination, he had to have emergency surgery to remove discs from his back, all as a result of the injury he suffered in the fall from his bunk at the jail. Coleman asserts that John and Jane Doe "maliciously, selectively and fraudulently concealed" his back problems "in an attempt to save the jail . . . from having to pay for a costly needed operation." Coleman also sues Conmed for failing to take corrective action against John and Jane Doe for "maliciously delay[ing]" treatment of Coleman's back problems.

In this action, Coleman seeks monetary damages for "malicious neglectfulness" against the jail superintendent, Officers Thomas and John Doe, Conmed Health Service, and John and Jane Doe Conmed staffers.
2

Case 7:12-cv-00156-GEC-RSB   Document 16   Filed 06/22/12   Page 2 of 6   Pageid#: 71

## II

The court may dismiss any action or claim filed by a prisoner proceeding in forma pauperis if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(b). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**A. The Bunk Bed Claim**

Coleman raised similar allegations and constitutional claims against jail officials for the dangerous upper bunk situation in a previous civil action.[2] In that prior case, Coleman sued the jail and the jail superintendent, but the court found that his allegations failed to state any actionable constitutional claim against anyone at the jail, regarding his fall from the upper bunk.

In the instant case, the only additional facts Coleman alleges related to his bunk bed claim are that he told certain officers he was afraid he would fall and that he told these officers that another jail had medically approved him for a lower bunk. These statements from Coleman, however, are not sufficient support for a finding that the officers knew assignment to an upper bunk posed a significant risk that Coleman would suffer serious physical harm, as required to state a deliberate indifference claim regarding hazardous living conditions. See Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993). Coleman faults the officers for failing to conduct an independent assessment of his medical records to verify his medical need for a bunk. Jail officials may rightfully rely, however, on the judgment of the jail's medical staff regarding an inmate's medical needs. See Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990) (finding that

---

[2] See Coleman v. Western Virginia Regional Jail, Case No. 7:12CV00025 (W. D. Va. Jan. 31, 2012).

3

prison personnel may rely on decisions of medical staff as to the proper course of treatment). Coleman offers no indication that he had sought or obtained a medical clearance at this jail for restriction to a lower bunk before his fall. Thus, the court finds no evidence to support a finding that any of the defendants were deliberately indifferent to Coleman's needs and summarily dismisses without prejudice his § 1983 claim about his fall from the bunk under § 1915(e)(2)(b) for failure to state a claim.

## B. The Medical Treatment Claims

Coleman raised similar allegations and constitutional claims against his treating physician at the jail in two previous § 1983 actions, which the court summarily dismissed without prejudice under § 1915(e)(2)(b) for failure to state a claim.[3] In both these actions, the court determined that Coleman alleged, at most, a disagreement with the course of treatment the doctor prescribed for his back injury and failed to demonstrate that the medical staff's conduct amounted to deliberate indifference, as required to state an actionable constitutional claim. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976).

In the instant case, Coleman similarly alleges nothing more than a disagreement with the decisions the medical staff at the jail made concerning his course of medical treatment and his medical clearance for travel. Coleman fails to allege facts on which the court could determine that Defendants Thomas and Stevens or Officer Doe knew that Coleman was unable to walk to the medical unit to receive his medication as the doctor had ordered. Similarly, Coleman fails to state facts on which John and Jane Doe, the Conmed employees, knew that traveling to New Jersey posed a significant risk that Coleman would suffer aggravation of his back trouble.

---

[3] See Coleman v. Ali, Case No. 7:10CV00255, 2010 WL 2605283 (W.D. Va. June 25, 2010), affid, 397 Fed. App'x 909 (4th Cir. Oct. 12, 2010) (unpublished); Coleman v. Ali, Case No. 7:11CV00561 (W.D. Va. Nov. 30, 2011), appeal dismissed for failure to prosecute, No. 12-6103 (4th Cir. Mar. 15, 2012).

4

Because Coleman fails to allege facts on which he could prove deliberate indifference by any of these defendants, the court summarily dismisses his § 1983 medical claims without prejudice, pursuant to § 1915(e)(2)(b).

Coleman also states no actionable claim against the jail's superintendent or Conmed. Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs, which Coleman fails to describe. Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982) (finding that private corporation is not liable under § 1983 when liability is based solely upon respondeat superior). Supervisory officials cannot be held liable for constitutional injuries inflicted by their subordinates absent a showing that the supervisor knew of a risk of harm and that his failure to act helped to cause the injury. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Coleman fails to state any facts showing that the superintendent knew Coleman's bunk assignment or his later course of medical treatment posed any risk of harm to Coleman. Moreover, Coleman has no constitutional right to have Conmed institute disciplinary action against anyone. Therefore, the court will summarily dismiss Coleman's § 1983 claims against the superintendent and Conmed, pursuant to § 1915(e)(2)(b), for failure to state a claim.[4]

### III

For the reasons stated, the court dismisses Coleman's § 1983 claims without prejudice, pursuant to § 1915(e)(2)(b), as malicious or for failure to state a claim, and dismisses all state law claims without prejudice.

---

[4] To the extent that Coleman's allegations might support some claim of medical negligence or other state law claim, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c). Accordingly, all state law claims will be summarily dismissed without prejudice.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of June, 2012.

/s/ Glen Conrad
Chief United States District Judge